**Gary R. BERGAMO, Petitioner,**

v.

**COMMODITY FUTURES TRADING COMMISSION, Respondent.**

**Docket No. 98–4254.**

United States Court of Appeals, Second Circuit.

Argued April 8, 1999.

Decided Sept. 10, 1999.

Gary R. Bergamo, pro se (Steven R. Goldberg, New York, New York, on the brief), Staten Island, New York, for Petitioner.

J. Douglas Richards, Deputy General Counsel, Commodity Futures Trading Commission (Daniel R. Waldman, General Counsel, Susan Nathan, of counsel), Washington, D.C., for Respondent.

Before: WINTER, Chief Judge, NEWMAN, and SOTOMAYOR, Circuit Judges.

WINTER, Chief Judge:

Gary R. Bergamo petitions for review of a final order of the Commodity Futures Trading Commission ("Commission") denying his request to file a brief two and one-half years out of time and to have the Commission review his appeal on the merits. We hold that the Commission's denial of Bergamo's motion for leave to file an untimely brief was within its discretion. We therefore deny the petition for review.

## BACKGROUND

This petition for review arises from a final Commission order dismissing as unperfected Bergamo's appeal of an Administrative Law Judge's ("ALJ") initial decision. In the underlying administrative proceeding, the Enforcement Division of the Commission charged Stephen F. Reddy, John W. Sorkvist, Nicholas DeSalvo, and Bergamo with multiple violations of the Commodity Exchange Act ("CEA"), 7

U.S.C. §§ 1–26, and Commission regulations in connection with noncompetitive futures trading on the Coffee, Sugar and Cocoa Exchange ("CSCE"). The complaint alleged that from June 29 through October 31, 1988, and in March 1989, Reddy, Sorkvist, DeSalvo, and Bergamo ("CSCE respondents") had engaged in fraudulent executions of customer orders and had accommodated each other in such transactions.

On November 2, 1995, the ALJ found that the CSCE respondents had violated Section 4b of the CEA, 7 U.S.C. § 6b; Section 4c(a)(A) of the CEA, 7 U.S.C. § 6c(a)(A); Section 4c(a)(B) of the CEA, 7 U.S.C. § 6c(a)(B); and Commission regulation 1.38(a), 17 C.F.R. § 1.38(a). The ALJ issued cease and desist orders against the CSCE respondents, revoked their floor broker registrations, banned them from trading on markets regulated by the Commission for specified periods of time, and imposed civil monetary penalties. *See In re Reddy*, No. 92–19, Comm. Fut. L. Rep. (CCH) ¶ 26,544, 1995 WL 646200, at *62 (C.F.T.C. Nov. 2, 1995). Each of the CSCE respondents, including Bergamo, filed a timely notice of appeal with the Commission pursuant to the Commission's Rules of Practice, 17 C.F.R. § 10.102(a). Respondents Reddy, Sorkvist, and DeSalvo subsequently perfected their appeals by filing briefs with the Commission, as required by 17 C.F.R. § 10.102(b). Bergamo, however, did not file a brief, and on May 2, 1997, the Commission dismissed Bergamo's appeal as unperfected. The Commission's order was served by certified mail, return receipt requested, to Bergamo's address of record. The letter was returned, unclaimed, to the Commission's Office of Proceedings. Notations on the envelope indicate that the postal service made three attempts to notify Bergamo of the certified letter.

On February 4, 1998, the Commission issued its final Opinion and Order. *See In re Reddy*, No. 92–19, Comm. Fut. L. Rep. (CCH) 27,271, 1998 WL 44574 (C.F.T.C.

Feb. 4, 1998). Noting that Bergamo's unperfected appeal had been dismissed, the Commission adopted the ALJ's liability findings as to the remaining respondents and affirmed the sanctions imposed. *See id.* at *1 n. 6, *13–*15. CSCE respondents Sorkvist and Reddy filed petitions for review with this court, which have been denied. *See Reddy v. CFTC*, 191 F.3d 109 (2d Cir.1999).

By letter dated April 16, 1998, Bergamo, through counsel, requested leave to file an untimely brief and to have the Commission review his appeal on the merits. On June 22, 1998, the Commission denied Bergamo's request. The Commission observed that the motion was "woefully out of time"—two and one-half years after the notice of appeal, eleven months after the dismissal of the appeal as unperfected, and two months after the Commission's decision in the appeals of Bergamo's co-respondents. Observing that Commission regulations clearly require that an appeal be perfected through the filing of an appeal brief, the Commission rejected Bergamo's claim that he did not understand the need to file a brief. The Commission further found that service was properly effected when the May 2, 1997 order dismissing Bergamo's appeal was deposited in the mail to the address Bergamo had supplied to the Commission. Finally, the Commission rejected Bergamo's argument that the Commission erred in acting *sua sponte* in dismissing his appeal, noting that 17 C.F.R. § 10.102(b) does not require that a party move for dismissal. This petition followed.

## DISCUSSION

An agency is bound to follow procedures required by its own regulations, even if these regulations were not statutorily or constitutionally mandated. *United States v. Nixon*, 418 U.S. 683, 694–95, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). However, an agency's interpretation of its own regulations is entitled to substantial deference "unless it is plainly erroneous or in-

consistent with the regulation." *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). Generally, we will not set aside an agency order unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Motor Vehicle Mfrs. Ass'n of the United States v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983) (agency order must be upheld if "rational, based on consideration of relevant factors," and within scope of agency's statutory authority).

The Commission's Rules of Practice are authorized by statute and are applicable to all aspects of adjudicatory proceedings before it. *See* 7 U.S.C. § 4a(j) (authorizing Commission to promulgate such rules and regulations as it deems necessary to govern operating procedures and conduct of business). Pursuant to Rule 10.102, 17 C.F.R. § 10.102, any party to a proceeding may appeal to the Commission from an ALJ's initial decision or other final disposition. An appeal is initiated by filing a notice of appeal with the Commission's Proceedings Clerk within fifteen days after service of the initial decision, 17 C.F.R. § 10.102(a), and must be perfected through the timely filing of an appeal brief within thirty days after filing the notice of appeal, 17 C.F.R. §§ 10.102(b)(1). The Rules of Practice further provide that "[i]f the appeal brief is not filed within the time specified the opposing party may move for dismissal of the appeal." 17 C.F.R. § 10.102(b).

■ Bergamo argues that Rule 10.102(b) does not permit the Commission to dismiss *sua sponte* and without notice an unperfected appeal because it requires that an opposing party move for the dismissal of such an appeal. Thus, according to Bergamo, the Commission committed error by dismissing *sua sponte* his unperfected appeal because it failed to follow its own regulations. We disagree.

Rule 10.102(b) is the exclusive means of dismissing an unperfected appeal. It gives the opposing party an option to move for such a dismissal. As the Commission noted: "In affording leeway to parties to move for dismissal, the Commission ceded no part of its own jurisdiction to hear and to decide—and when appropriate, to dismiss—cases before it." *In re Reddy,* No. 92–19, slip op. at 3 (C.F.T.C. June 22, 1998). Far from being "plainly erroneous or inconsistent with the regulation," *Bowles,* 325 U.S. at 414, 65 S.Ct. 1215, the Commission's interpretation of its regulation is entirely reasonable.

Bergamo also has suggested that the Commission abused its discretion by denying his motion for leave to file an untimely brief because he showed excusable neglect. Specifically, he claims that he did not receive either the May 2, 1997 order or the briefs of his co-respondents because, due to a February 1997 bank foreclosure on his property, he was no longer living at the address of record. Again, we disagree.

■ Service of the Commission's May 2, 1997 order dismissing Bergamo's appeal was effected in accordance with the Commission's Rules of Practice, 17 C.F.R. § 10.12, by mailing the order to Bergamo at the post office address provided by him. Bergamo, however, failed to notify the Commission of his change of address. For more than two years following his notice of appeal, Bergamo, knowing of the proceeding against him, showed no interest in it. Indeed, when his motion to file an out-of-time brief before the Commission was made, the Commission had already made its decision, and two of Bergamo's co-respondents had petitioned for review in this court and were about to file their briefs. The Commission's denial of the motion was therefore well within its discretion.

### CONCLUSION

We have considered Bergamo's remaining arguments and have found them to be

without merit. We therefore deny his petition for review.